```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SONIA NEGRON; SAUL NEGRON,

                Plaintiffs,

vs.                                         Case No.   2:06-cv-34-FtM-33SPC

SEARS ROEBUCK AND COMPANY,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Remand to State Court (Doc. # 5), filed on January 20, 2006. On February 1, 2006, Defendant filed a response to Plaintiffs' Motion to Remand. (Doc. # 11.) Plaintiffs seek remand, arguing that this Court lacks subject matter jurisdiction because their claim does not meet the amount in controversy requirement for diversity jurisdiction. (Doc. # 5, p. 1.) Plaintiffs argue that their "[c]omplaint demands judgment 'in excess of $15,000' and does not specifically demand any dollar amount above or equal to the jurisdictional threshold of the Court." (Doc. # 5, p. 1.) Accordingly, Plaintiffs claim that Defendant has failed to show that the requisite amount in controversy exists.

In response, Defendant contends that Plaintiffs' pre-suit demand letters show that the amount in controversy exceeds $75,000 exclusive of interests and costs. (Doc. # 11, p. 2.) According to Defendant, these pre-suit demand letters qualify as "other paper"

that would satisfy the amount in controversy requirement.  See 28 U.S.C. § 1446(b).[1]

Although case law permits the use of post-suit demand letters in determining the amount in controversy requirement, Plaintiffs' pre-suit settlement demand letters will not be considered as "other paper" for the purpose of satisfying the amount in controversy requirement.  See Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358 (M.D. Fla. 2005); Depina v. Iron Mountain Info. Mgmt., Inc., 2005 WL 1319231 (M.D. Fla. 2005); Martin v. Mentor Corp., 142 F. Supp. 2d 1346 (M.D. Fla. 2001); see also Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992)(holding that pre-suit correspondence does not trigger cannot trigger a defendant's obligation to seek removal because the plain language of the second paragraph of § 1446 requires that the "other papers" must be received after the initial pleading).

In making this determination, the Court has considered several factors.  First, the Eleventh Circuit has held that when a plaintiff has alleged damages less than $75,000, and the defendant removes the case to federal court, "[the] defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]."

---

[1]The statute provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Although this heavy burden of proof exists, "a defendant can remain in federal court if he showed that...an award below the jurisdictional amount is [impermissible] because the case is clearly worth more than [$75,000]." Id. at 1096. In this case, Defendant has failed to make this showing.

Second, the Court has also considered that "[w]hile a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." Burns, at 1095. The Court evaluates the amount in controversy based on the allegations in the complaint set forth at the time of removal. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). At the time of removal, Plaintiffs' Complaint alleged damages "in excess of Fifteen Thousand and NO/100 ($15,000.00) dollars, exclusive of interests and costs." (Doc. # 1-1, p. 6.) Plaintiffs have also noted in their Motion to Remand that "[a]ctual medical bills to date total $12,025.35, and Sears' own settlement offer was only $10,000. While the Plaintiff will seek additional damages, there is no hard evidence of record setting the amount of said damages." (Doc. # 5, p. 8.)

Third, the Court is mindful that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns, at 1095. Plaintiffs' Complaint demands judgment in excess

of $15,000 and does not specifically demand any dollar amount above or equal to the jurisdictional threshold of the Court. (Doc. # 5, p. 1.) As such, this case is controlled by Burns, and Plaintiffs' assessment is entitled to "deference and a presumption of truth." Id. Defendant has failed to prove to a legal certainty that Plaintiffs' damages meet the jurisdictional requirement; thus, the amount of damages sought by Plaintiffs in the Complaint is controlling. Sierminski, at 949.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Remand to State Court (Doc. # 5) is **GRANTED**.

(2) This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit of Florida.

(3) Plaintiffs' request for attorneys fees is **DENIED**.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 2nd day of May, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record